IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. 06-000198 SOM (05) |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT KEVIN |
| vs. | ) | BRUNN'S MOTION TO DISMISS |
| | ) | COUNTS 4 THROUGH 8 OF THE |
| DOUGLAS GILMAN, SR.,(01) | ) | SECOND SUPERSEDING INDICTMENT |
| DOUGLAS GILMAN, JR.,(02) | ) | |
| KEVIN BRUNN, (05) | ) | |
| MICHA TERRAGNA, (06) | ) | |
| WILLIAM GILMAN, (08) | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT KEVIN BRUNN'S MOTION TO DISMISS
COUNTS 4 THROUGH 8 OF THE SECOND SUPERSEDING INDICTMENT

I.      INTRODUCTION.

        Defendants Kevin Brunn and Micha Terragna are charged with one count of conspiracy to operate an illegal gambling business in violation of 18 U.S.C. § 1955 (Count 1), one count of operating an illegal gambling business in violation of 18 U.S.C. §§ 371 and 1955 (Count 2), one count of conspiracy to obstruct the enforcement of state criminal laws with the intent of facilitating an illegal gambling business (Count 3), one count of conspiracy to commit extortion in violation of 18 U.S.C. § 1951 (Count 4), and four counts of extortion in violation of 18 U.S.C. § 1951 (Counts 5-8).  See Second Superseding Indictment (April 9, 2008) ("Indictment").

        Brunn now moves to dismiss Counts 4 through 8 of the Indictment, arguing that the Indictment contains "erroneous and

material" in the form of an inaccurate statement presented to the grand jury and that Counts 4 through 8 are legally insufficient. See Defendant Kevin Brunn's Motion to Dismiss Counts 4 Through 8 of the Second Superseding Indictment (July 15, 2008) ("Motion"). Terragna joins in this Motion.  Defendant Micha Terragna's Joinder in Defendant Kevin Brunn's Motion to Dismiss (July 18, 2008).

The court concludes that the alleged inaccuracy does not warrant dismissal of any count and that Counts 4 through 8 are sufficiently pled.  Accordingly, the motion is denied.

II.     LEGAL STANDARD.

Rule 12(b) of the Federal Rules of Criminal Procedure allows the consideration at the pretrial stage of any defense that "is capable of determination without the trial of the general issue."  A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact.  United States v. Nukida, 8 F.3d 665, 669, appeal after remand, 87 F.3d 1324 (9th Cir. 1993).  "In considering a motion to dismiss, a court is limited to the face of the indictment and must accept the facts alleged in that indictment as true."  United States v. Ruiz-Castro, 125 F. Supp. 2d 411, 413 (D. Haw. 2000).

An indictment is only required to "be a plain, concise and definite written statement of the essential facts

constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment will withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his or her defense; (2) to ensure the defendant that he or she is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable the defendant to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge. United States v. Rosi, 27 F.3d 409, 414 (9th Cir. 1994); United States v. Bernhardt, 840 F.2d 1441, 1445 (9th Cir. 1988). Accord United States v. Woodruff, 50 F.3d 673, 676 (9th Cir. 1995) (stating that, generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged); United States v. Buckley, 689 F.2d 893, 896 n.3 (9th Cir. 1982) (same).

A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence. Therefore, a motion to dismiss indictment may not be used as a device for summary trial of the evidence. United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).

III.     BACKGROUND FACTS.

The Indictment charges that Brunn and Terragna, along with three co-defendants, operated an illegal gambling business involving cockfighting, craps, and card games in Wailua, Hawaii. Indictment at 5.

The Indictment states that Brunn was a Honolulu Police Department officer "responsible for enforcing and upholding the laws of the State of Hawaii," and that Terragna was living with Brunn. Id. at 6-7.

Counts 4 through 8 of the Indictment separately charge Terragna and Brunn with Hobbs Act violations. The gist of the Hobbs Act charges is that Brunn, aided by Terragna, used his position as a police officer to get money from Charles Gilman. Gilman allegedly paid out of fear that Brunn would otherwise turn Gilman in:

> On or about the dates set forth in tabular form below in the District of Hawaii, defendant KEVIN BRUNN, aided and abetted by defendant MICHA TERRAGNA, did knowingly and intentionally obstruct, delay and affect, in any degree, interstate commerce, by extortion, that is, KEVIN BRUNN, aided and abetted by MICHA TERRAGNA, obtained property from Charles Gilman, (a person who KEVIN BRUNN and MICHA TERRAGNA knew was engaged in criminal activity including the operation of the Wailua cockfights), with Charles Gilman's consent: (a) induced by wrongful use of threatened force and fear; and (b) under color of official right, that is, in exchange for the nonperformance of official acts by KEVIN BRUNN.

Id. at 9.

The Indictment alleges that, on or about November 18, 2004, Brunn told Charles Gilman, " . . . whatever you like give me . . . just rememba, as you sitting in OCCC [Oahu Community Correctional Center], you cannot do nothing, right?"  Id. at 9-10.  In addition, the Indictment lists the monetary amounts Terragna allegedly received on four separate dates.

The excerpt from the November 18, 2004, conversation was part of a discussion between Brunn and Jon Saguibo, in which Brunn was recounting to Saguibo an earlier conversation Brunn had had with Charles Gilman.  Exs. B and C (attached to Motion).  The excerpt appears to state Brunn's reaction to Gilman's complaint about having paid $42,000.  The conversation was recorded through a wiretap.  Brunn says that the Indictment misstates what he said, and that his actual statement was, "Oh, whatever, whatever you like imagine.  Just remember, as you're sitting in O triple C you cannot do nothing, right?"  Ex. C (attached to Motion).

Brunn moves to dismiss Counts 4 through 8 of the Indictment, arguing that the statement presented to the grand jury was "significantly different" from what he said.  Motion at 5.  Brunn also argues that the allegations in Counts 4 through 8 are insufficient.  The court disagrees, and Brunn's motion is denied.

IV.     ANALYSIS.

    A.  The Allegedly Inaccurate Statement Does Not Warrant Dismissal of Counts 4 Through 8.

Brunn argues that the November 2004 statement is the "basis for the allegations" involving the Hobbs Act violations, and that Counts 4 through 8 should be dismissed because the statement presented to the grand jury was materially different from what Brunn actually said. In addition, Brunn argues that the Government misled the grand jury in providing an "erroneous transcription" of the telephone conversation, which prejudiced Brunn. Motion at 5. At the hearing for the present motion, Brunn conceded that he had no evidence of intentional Government misconduct.

"Federal courts draw their power to dismiss indictments from two sources"--the Constitution and the court's own supervisory powers. United States v. Isgro, 974 F.2d 1091, 1094 (9th Cir. 1992). Thus, a court can dismiss an indictment if it "perceives constitutional error that interferes with the grand jury's independence and the integrity of the grand jury proceeding." Alternatively, based on a court's supervisory powers, a court can dismiss an indictment based on Government misconduct, but only after a finding of actual prejudice to the defendant. Id.; see also United States v. Woodley, 9 F.3d 774, 777 (9th Cir. 1993) ("A court may use its supervisory powers to dismiss an indictment for three reasons: (1) to remedy the

6

violation of recognized rights, (2) to deter illegal conduct and (3) to preserve judicial integrity . . . .") (internal quotations and alterations omitted).

"The Court's power to dismiss an indictment on the ground of prosecutorial misconduct is . . . rarely invoked." United States v. Samango, 607 F.2d 877, 881 (9th Cir. 1979). "Dismissing an indictment is so intrusive on a prosecutor's charging authority that it is justified only when the government's conduct substantially prejudiced the defendant and the government flagrantly disregarded the limits of professional conduct." Woodley, 9 F.3d at 777.

Brunn fails to demonstrate how an inaccuracy in a few words of a statement presented to the grand jury "was a usurpation of the grand jury's role to determine whether the defendants should be indicted." Isgro, 974 F.2d at 1095-96. In Isgro, the Ninth Circuit concluded that there was "no abrogation of constitutional rights sufficient to support the dismissal of an indictment" when the prosecutor "extracted testimony" from a witness during grand jury proceedings that was "diametrically opposed" to prior trial testimony from that witness. Id. at 1093-94. Cf. United States v. Haynes, 216 F.3d 789, 798 (9th Cir. 2000) (noting that prosecutors "have no obligation to disclose substantial exculpatory evidence" to a grand jury). The court in Isgro concluded that the "grand jury was [not] deprived

7

of its ability to make an informed or independent decision." Isgro, 974 F.2d at 1096; see also United States v. Sears, Roebuck & Co., 719 F.2d 1386, 1394 (9th Cir. 1983), cert. denied, 465 U.S. 1079 (1984).

The alleged constitutional error in the present case raises significantly less concern than what was raised in Isgro. Even if Brunn stated "whatever you like imagine," rather than "whatever you like give me," the effect of the statement was the same. Brunn, a police officer, made the statement to Charles Gilman, who was part of an illegal gambling business. Taken in context with the remainder of the statement, which expressed a threat that Gilman could be sitting in a correctional facility, Brunn's words suggested that Gilman should provide Brunn with something in exchange for Brunn's keeping him out of prison. The inaccuracy in the transcript cannot be said to have affected "the fundamental fairness" of the grand jury proceeding. Isgro, 974 F.2d at 1094.

Nothing in the record before the court suggests that the Government intentionally misled the grand jury. More importantly, Brunn has not shown how he was prejudiced by the allegedly inaccurate statement. Woodley, 9 F.3d at 777. Accordingly, the court denies Brunn's motion to dismiss Counts 4 through 8 of the Indictment to the extent the motion is based on an inaccurate account of what he said.

B.   Request for Grand Jury Transcripts.

Brunn alternatively requests the grand jury transcripts. See Motion at 5 n.1. This request is denied. Brunn has not alleged any ground for dismissing Counts 4 through 8 of the Indictment based on information contained in the grand jury transcripts.

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) permits a court to order disclosure of matters occurring before a grand jury "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." The Ninth Circuit has cautioned district courts against allowing "across the board fishing expeditions." United States v. Kim, 577 F.2d 473, 478 (9th Cir. 1978). "A trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a particularized need exists . . . which outweighs the policy of secrecy." United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986) (citation omitted). Particularized need must be based on more than mere speculation. See id. The burden is on the defendant to show that disclosure of grand jury transcripts is appropriate. See Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959).

Brunn urges the court to grant discovery of the grand jury transcripts for the same reason he argues Counts 4 through 8

9

of the Indictment should be dismissed--the use of the "erroneous transcription of the subject telephone conversation" before the grand jury.  See Motion at 5.  However, the court has already determined that the alleged inaccuracy in the transcript does not warrant dismissal of Counts 4 through 8.  Under Rule 6(e)(3)(E)(ii) of the Federal Rules of Evidence, to be entitled to grand jury transcripts, a defendant must show "that a ground may exist to dismiss the indictment."  Because Brunn has failed to show that a ground exists to dismiss Counts 4 through 8 Indictment, he is not entitled to the grand jury transcripts. See United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985) ("The alleged instances of prosecutorial and grand jury misconduct during the first grand jury proceedings do not amount to the particularized need required to outweigh the secrecy of the grand jury proceedings.  The claimed misconduct would not have compelled the dismissal of the first superseding indictment.") (internal citations omitted).

         While obtaining grand jury transcripts might allow Brunn to raise arguments beyond those raised in his motion, the Ninth Circuit requires more than mere speculation to justify disclosure of grand jury transcripts.  See Walczak, 783 F.2d at 857 (a defendant who did not allege specific facts supporting his motion was only speculating and thus was not entitled to grand jury transcripts).  Brunn has already conceded that there is no

basis for alleging intentional Government misconduct, and he has not alleged specific facts supporting any other ground to warrant dismissal of the Indictment. Brunn's request for grand jury transcripts is denied.

       C.   <u>Counts 4 Through 8 Are Sufficient.</u>

Brunn contends that Counts 4 through 8 are insufficient because (1) no facts are set forth as to whether Brunn obtained property from another or as to how he was aided or abetted by Terragna; (2) there is no discussion explaining the Indictment's reference to Brunn's "nonperformance of official acts"; and (3) there is "no factual basis" showing how interstate commerce was affected. Motion at 6-7. Brunn is unpersuasive on all three points.

An indictment must "set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged." <u>United States v. Cecil</u>, 608 F.2d 1294, 1296 (9th Cir. 1979). Thus, an indictment that tracks the offense in the words of the statute is sufficient "so long as the words unambiguously set forth all elements necessary to constitute the offense." <u>United States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1985), <u>cert. denied</u>, 474 U.S. 953; <u>see also</u> <u>United States v. Blinder</u>, 10 F.3d 1468, 1476 (9th Cir. 1993).

In United States v. Miller, 771 F.2d 1219 (9th Cir. 1985), the Ninth Circuit addressed a challenge to the factual sufficiency of an indictment. The indictment in Miller had charged that four corporations and eight individuals conspired with others to fix gasoline prices in violation of the Sherman Act, 15 U.S.C. § 1. Id. at 1224. The defendants argued that the indictment contained "insufficient factual allegations" because it alleged "few facts other than the situs of the conspiracy and the names of the co-conspirators," did not "give notice of any overt acts," and "failed to place the conspiracies within a specific time frame." Id. at 1226. The Ninth Circuit disagreed, concluding that the indictment "contain[ed] sufficient factual specificity."

The Ninth Circuit noted that the indictment charged the time period of the conspiracy, listed the actions the defendants took to carry out the conspiracy (discussions by telephone or at meetings), and charged that the defendants "attempted to enforce adherence to their price-fixing scheme by informing other competitors of the conspirators' agreements." Id. at 1227. In affirming the district court's denial of the defendants' motion to dismiss, the Ninth Circuit observed, "While the instant indictment is not a model of pleading, it does contain sufficient factual particularity to afford [the defendants] adequate notice of the charges against them." Id.

In contrast, the Ninth Circuit has concluded that an indictment was factually insufficient in Cecil. The defendants in Cecil were charged with conspiracy to import and possess, with intent to distribute, marijuana. The indictment tracked the language of the statutes and alleged that the conspiracies "occurred in Arizona, Mexico, and elsewhere" and listed the names of "some of the alleged co-conspirators." The Ninth Circuit concluded that the indictment was factually insufficient because it made only "two specific [factual] allegations" and failed "to state any other facts or circumstances pertaining to the conspiracy or any overt acts done in furtherance thereof." Cecil, 608 F.2d at 1296-97.

The Indictment at issue in the present case is more analogous to the indictment in Miller than to the indictment in Cecil. There are certainly more factual allegations supporting the Hobbs Act violations than the two factual allegations that were contained in the Cecil indictment. Specifically, the Indictment provides the names of the alleged operators of the illegal gambling business, the location of the business, the time period, and the overt acts that were carried out in furtherance of the extortion conspiracy, which include Brunn's alleged statement to Gilman and the monetary payments that Terragna allegedly received.

Brunn argues that Counts 4 through 8 are insufficient because the Indictment does not allege that Brunn obtained property or how Brunn was aided or abetted by Terragna. The Indictment sets forth that Brunn, aided and abetted by Terragna, obtained property from Gilman under "wrongful use of threatened force" and under "color of official right" and lists the monetary amounts that Terragna allegedly received on four separate dates. Indictment at 9-10. For the purpose of informing Brunn and Terragna of the offenses that they are charged with, Counts 4 through 8 are sufficient.

According to the Ninth Circuit, "[t]he allegations of the indictment are presumed to be true," and the "Government need not allege its theory of the case or supporting evidence, but only the 'essential facts necessary to apprise a defendant of the crime charged.'" Buckley, 689 F.2d at 897 (quoting United States v. Markee, 425 F.2d 1043, 1047-48 (9th Cir. 1970)). Thus, the Indictment need not explain in detail how Brunn was aided and abetted by Terragna, or how Brunn received property through Terragna's alleged receipt of monetary payments.

Brunn's second argument is similarly unconvincing. Although the Indictment does not provide the factual basis for the "nonperformance of official acts," the Ninth Circuit has concluded that an indictment that tracks the offense in the words of the statute is generally sufficient and that it is not

necessary to explain the factual evidence that will be proved at trial. See Blinder, 10 F.3d at 1476; Givens, 767 F.2d at 584. In addition, the Ninth Circuit has held that an indictment should be read as a whole and can include implied facts. See, e.g., Buckley, 689 F.2d at 899; United States v. Inryco, Inc., 642 F.2d 290, 294 (9th Cir. 1981); United States v. Anderson, 532 F.2d 1218, 1222 (9th Cir. 1976), cert. denied, 429 U.S. 839 (1976).

　　　　The defendants in Buckley were charged with mail fraud. The district court dismissed the indictment based on an absence of facts supporting the allegation that the defendants had used the mail to further a fraudulent scheme. The Ninth Circuit reversed, emphasizing that an indictment should be: "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." Buckley, 689 F.2d at 899. The court concluded, "Because the indictment implicitly alleged the falsity [of the mailing], it was clear enough to give the defendants notice of the crime charged and to allow them to plead double jeopardy." Id. at 898.

　　　　The Government need not provide the factual basis for the "nonperformance of official acts" in the Indictment. Even if it were necessary, the factual basis could be inferred from the allegations in the Indictment. See Indictment at 9-10. Brunn's position as a Honolulu Police Department officer "responsible for enforcing and upholding the laws of the State of Hawaii," Brunn's

alleged knowledge of Charles Gilman's involvement in illegal gambling, and Brunn's alleged statement to Gilman in November 2004, taken together, imply that Brunn's nonperformance of an official act was his allegedly deliberate failure to report gambling operations to the Honolulu Police Department.

Brunn's last argument--that Counts 4 through 8 are insufficient because they fail to provide a factual basis as to how interstate commerce is affected--has already been rejected by the Ninth Circuit.  In Woodruff, 50 F.3d at 676, the district court dismissed the indictment as insufficient when the indictment, which alleged Hobbs Act violations, provided no theory or facts explaining how interstate commerce was affected.  The Ninth Circuit reversed: "The precise interstate nexus component of a Hobbs Act violation is, of course, an element . . . that must be proved at trial.  Our circuit has established that it need not, however, be expressly described in the indictment."  Id. at 677.  See also Carbo v. United States, 314 F.2d 718, 732-33 (9th Cir. 2004).

Because the court concludes that Counts 4 through 8 of the Indictment are sufficient, Brunn's motion to dismiss is denied.

V.       CONCLUSION.

The court denies Brunn's motion to dismiss Counts 4 through 8 of the Indictment and his request for grand jury transcripts.  Terragna's joinder is similarly denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 28, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**United States v. Gilman, et al.; CR. No. 06-00198 SOM; ORDER DENYING DEFENDANT KEVIN BRUNN'S MOTION TO DISMISS COUNTS 4 THROUGH 8 OF THE SECOND SUPERSEDING INDICTMENT.**