IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00198 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING KEVIN BRUNN'S |
| | ) | AND MICHA TERRAGNA'S MOTIONS |
| vs. | ) | FOR JUDGMENT OF ACQUITTAL AND |
| | ) | FOR NEW TRIAL |
| KEVIN BRUNN (05); | ) | |
| MICHA TERRAGNA (06), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

_____

        ORDER DENYING KEVIN BRUNN'S AND MICHA TERRAGNA'S MOTIONS
             FOR JUDGMENT OF ACQUITTAL AND FOR NEW TRIAL

I.      INTRODUCTION.

        On December 19, 2008, Defendant Kevin Brunn, a former

police officer, was convicted of obstructing justice in violation

of 18 U.S.C. § 1511 (Count 3), conspiracy to obstruct interstate

commerce by extortion in violation of 18 U.S.C. § 1951 (Count 4),

and multiple counts of extortion in violation of 18 U.S.C. § 1951

(Counts 5 to 8).  He was acquitted of conspiring to run an

illegal gambling business in violation of 18 U.S.C. § 371 (Count

1) and of running an illegal gambling business in violation of 18

U.S.C. § 1955 (Count 2).  Defendant Micha Terragna, now Brunn's

wife, was convicted of conspiring to run an illegal gambling

business in violation of 18 U.S.C. § 371 (Count 1), and running

an illegal gambling business in violation of 18 U.S.C. § 1955

(Count 2), as well as obstructing justice in violation of 18

U.S.C. § 1511 (Count 3), and multiple counts of aiding and

abetting extortion in violation of 18 U.S.C. § 1951 and 18 U.S.C.
§ 2 (Counts 5 to 8).  She was acquitted of conspiring to obstruct
interstate commerce by extortion in violation of 18 U.S.C. § 1951
(Count 4).  Both Brunn and Terragna move for judgments of
acquittal under Rule 29(c)(1) of the Federal Rules of Criminal
Procedure.  They also move for new trials pursuant to Rule 33(a)
of the Federal Rules of Criminal Procedure.  For the following
reasons, the motions are DENIED.

II.      DISCUSSION.

         A.   Rule 29 Motions.

         Rule 29(a) requires this court to grant a motion for
judgment of acquittal "if the evidence is insufficient to sustain
a conviction."  Fed. R. Crim. P. 29(a).  On a motion for judgment
of acquittal under Rule 29(a), this court must view the evidence
in the light most favorable to the Government, deciding whether a
rational jury could have found Defendants Brunn and Terragna
guilty beyond a reasonable doubt.  See United States v. Hazeem,
679 F.2d 770, 772 (9th Cir.).  Accord Jackson v. Virginia, 443
U.S. 307, 319 (1979)("when deciding a motion based on alleged
insufficiency of the evidence, the relevant question is whether,
after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt");
United States v. Disla, 805 F.2d 1340, 1348 (9th Cir. 1986) ("A

conviction is supported by the evidence if, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences, there was relevant evidence from which the jury could reasonably have found the defendant guilty beyond a reasonable doubt"); United States v. Cusino, 694 F.2d 185, 187 (9th Cir. 1982).

### 1. Sufficiency of the Evidence.

At the close of evidence at trial, Brunn and Terragna made oral motions for judgments of acquittal on all counts based on the insufficiency of the evidence.  Their motions were denied. They now renew those motions, pursuant to Rule 29 of the Federal Rules of Criminal Procedure.  The motions are timely, having been filed within seven days of the guilty verdict, as required by Rule 29(c)(1).

This court finds no basis for withdrawing its earlier denial of the Rule 29 motions.  Testimony by government witnesses and wiretaps of intercepted calls implicated Kevin Brunn in obstruction of justice, conspiracy to extort, and extortion. There was sufficient evidence to support the jury's findings of Brunn's guilt on those counts.  Extensive testimony by cooperating defendants, wiretapped telephone calls, and Terragna's own statements to the FBI implicated her in the gambling operation, obstruction of justice, and extortion.  There was sufficient evidence to support the jury's findings of

Terragna's guilt on those counts.  The motions for judgment of acquittal on the basis of insufficient evidence are DENIED.

2. <u>Inconsistent Verdicts</u>.

Brunn and Terragna argue that the jury's verdicts were inconsistent, and that their convictions therefore may not stand. This court does not see the verdicts as factually inconsistent. Even if the verdicts were inconsistent, that would not be grounds for acquittal.

Brunn was acquitted of Counts 1 and 2, which allege conspiracy to run an illegal gambling business and the actual running of such a business, repectively.  He was nonetheless convicted of conspiring to obstruct the enforcement of the criminal laws of the State of Hawaii with intent to facilitate an illegal gambling business (Count 3).  Brunn argues that the acquittals on the first two counts indicate that the jury rejected the government's attempt to implicate him in the illegal gambling business in any way.

This court sees no inconsistency with respect to Brunn. Conducting an illegal gambling business is factually distinct from obstructing justice with the intent to facilitate an illegal gambling business.  A jury may well have found that one fact pattern existed, while another did not.

Terragna was acquitted of the conspiracy to extort (Count 4), but she was convicted of substantive acts of extortion (Counts 5-8).  She contends that, because the factual bases for

4

Counts 5 to 8 are similar to the bases for Count 4, an acquittal
with respect to Count 4 requires that the convictions on Counts 5
to 8 be set aside.

First, Terragna asserts that Count 4 and Counts 5 to 8
are multiplicitous.  That is, they charge the same offense in
several counts.  Multiplicity violates the Fifth Amendment by
subjecting a defendant to double jeopardy.  Brown v. Ohio, 432
U.S. 161, 165 (1977).  The Ninth Circuit uses the Blockburger
test to evaluate claims of double jeopardy.  "[W]here the same
act or transaction constitutes a violation of two distinct
statutory provisions, the test to be applied to determine whether
there are two offenses or only one, is whether each provision
requires proof of a fact which the other does not."  United
States v. Schales, 546 F.3d 965, 977 (9th Cir. 2008)(citing
Blockburger v. United States, 284 U.S. 299, 304 (1932)).

The conspiracy count in Count 4 charges Terragna and
Brunn with entering into an agreement to commit acts of
extortion; this agreement is an additional element, distinct from
the extortion acts themselves.  Further, the charge against
Terragna of aiding and abetting extortion also required a finding
that Brunn, the principal, committed the underlying offense; the
jury had to find that Brunn did in fact extort money from Charles
Gilman.  This completed act is an element not contained in the
conspiracy charge.  The Second Circuit is instructive on this
particular situation, holding that an acquittal on a conspiracy

5

charge does not require acquittal on the substantive charges, as the elements are distinct.  United States v. Slocum, 695 F.2d 650, 656 (2d Cir. 1982)("Since the conspiracy and substantive counts required proof of different elements they did not constitute the same offense for double jeopardy purposes.").

Second, Terragna maintains, like Brunn, that her verdict is factually inconsistent.  This court does not agree.  The jury may well have found that Terragna aided and abetted the acts of extortion without first forming an agreement with Brunn and others, as the conspiracy charge required.  While Terragna contends that she and Brunn were the only identified conspirators, the conspiracy count in fact charged Terragna and Brunn with conspiring with each other and with others known and unknown to the Grand Jury to obstruct interstate commerce by extortion.  Terragna was found by the jury not to have participated in this larger agreement, but it does not follow that she did not actually facilitate the acts of extortion.

Even assuming that their verdicts were factually inconsistent, as Brunn and Terragna assert, acquittal would not be warranted.  "Consistency in the verdict is not necessary.  Each count in an indictment is regarded as if it was a separate indictment."  United States v. Powell, 469 U.S. 57, 62 (1984)(internal citations omitted).  The Supreme Court in Powell upheld a defendant's conviction for using the telephone to facilitate several felonies, although the defendant was acquitted

6

of the underlying felonies of conspiracy to distribute narcotics and possession of narcotics with intent to distribute.  The telephone charge appeared to rely on participation in the drug conspiracy or the commission of the drug felony.  However, this did not mean that the telephone conviction was itself in error.  Rather, the Court noted that any number of factors could have caused the inconsistency, from leniency by the jury to error on either the telephone count conviction or the conspiracy and possession acquittals.  It therefore did not follow that the defense was necessarily prejudiced.  Id. at 65. ("[I]t is unclear whose ox has been gored.")

The Court further noted that "a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts."  Id. at 67.  This court has conducted an independent review of the sufficiency of the evidence and found no reason to vacate the convictions before it.

Finally, Brunn moves for acquittal with respect to Count 4, the conspiracy to interfere with interstate commerce by extortion.  As Terragna was acquitted of this conspiracy, Brunn argues that his conviction would make him a lone conspirator.  This court recognizes that "[b]ecause a person cannot conspire with himself, the Government must prove that at least two people were involved in the conspiracy."  United States v. Sangmeister, 685 F.2d 1124, 1126 (9th Cir. 1982).  However, Brunn was charged

with conspiring with Terragna and with others known and unknown
to the grand jury to extort money from Charles Gilman.  There was
evidence that one or more other police officers were involved in
sending a police car over to the illegal gambling business as a
threat to Charles Gilman.  The jury may have believed that Brunn
conspired with another officer, rather than with Terragna, in
this regard.

Even if Terragna were Brunn's only possible co-
conspirator, the Ninth Circuit clearly permits inconsistent
verdicts regarding co-conspirators.  "It is well established that
a person may be convicted of conspiring with a co-defendant even
when the jury acquits that co-defendant of conspiracy."  United
States v. Ching Tang Lo, 447 F.3d 1212, 1226 (9th Cir. 2006).  In
United States v. Valles-Valencia, 823 F.2d 381, 382 (9th Cir.
1987), the Ninth Circuit affirmed a conspiracy conviction, even
though the Government's proof went only to the convicted
conspirator's agreement with people acquitted of conspiracy.  See
also United States v. Hughes Aircraft Co., 20 F.3d 974, 977-78
(9th Cir. 1994) (affirming a conspiracy conviction when an
"indispensable co-conspirator" was acquitted of conspiracy on
identical evidence).  Thus, the Ninth Circuit permits Brunn to be
convicted of conspiring with Terragna, even though Terragna was
acquitted with respect to that very conspiracy charge.  The
motions for acquittal based on purported inconsistencies in the
verdicts are DENIED.

B. Rule 33 Motions.

Rule 33 of the Federal Rules of Criminal Procedure provides: "The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice." A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal. United States v. Alston, 974 F.2d 1206, 1211 (9th Cir. 1992). The court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. Id. When the court determines that, "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Id. at 1211-12; United States v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981)("A motion for a new trial is directed to the discretion of the district judge. It should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict.")(citation omitted).

Brunn and Terragna allege that this court erred in responding to the jury's Note #1, which asked for clarification of the jury instruction regarding Micha Terragna's role as an aider and abetter in the extortion counts (Counts 5 to 8). The court directed the jury to the explanation on pages 28 to 29 of the jury instructions, which described aiding and abetting in the

context of operating an illegal gambling business.

Brunn argues that he was deprived of a fair trial because, although he was charged as a principal actor, the court's response to the jury's Note #1 purportedly implied that Brunn could be found to be an aider and abettor. Terragna similarly objects to the court's response, arguing that the count confused the jury by failing to specify in its response that Kevin Brunn was the principal actor.

Terragna and Brunn do not show prejudice. Page 52 of the jury instructions explains that Terragna was charged as an aider and abetter and that Kevin Brunn as the principal actor. The instructions further clarify that Micha Terragna could not be convicted without an initial finding that Kevin Brunn did indeed commit the crime. Nothing in the response to the jury's Note #1 implied that these instructions were to be disregarded. In fact, the response to the jury's Note #1 reiterated that Terragna was charged as an aider and abetter and could not be guilty of Counts 5 to 8 unless Brunn was found guilty of the principal offense. The wording of the jury instructions regarding aiding and abetting derives from Ninth Circuit Model Criminal Jury Instruction No. 5.1, intended for use in any relevant criminal charge. The response to Question #2 of the jury's Note #1 was proper and not confusing, and neither Terragna nor Brunn was prejudiced as a result. The motions for a new trial on this basis are DENIED.

Next, Terragna cites the admission of evidence

10

recovered during the search of her home as a basis for ordering a new trial.  She claims that the Ninth Circuit's recent decision in <u>United States v. Craighead</u>, 539 F. 3d 1073 (9th Cir. 2008), required the exclusion of this evidence at trial.  This court has already rejected this argument in denying Terragna's motion to suppress and her motion to reconsider that denial.  The court has ruled that, while <u>Craighead</u> clarified what constitutes a custodial interrogation, the Ninth Circuit's opinion did not affect the status of the evidence at issue.  Terragna's motion presents no new information.  The motion for a new trial on this basis is DENIED.

Brunn also alleges error in the Court's admission at trial of statements he made on March 31, 2005.  Brunn claims that these statements were made in violation of his Fifth Amendment rights.  He further claims that the statements were prejudicial and irrelevant, pursuant to Rule 403 of the Federal Rules of Evidence.  Brunn's objections to the admissibility of these statements were addressed before and during trial, and he advances no new legal or factual basis here.  This court accordingly DENIES the motion for a new trial on this basis.

IV.      <u>CONCLUSION.</u>

Terragna's and Brunn's motions for judgments of acquittal pursuant to Rule 29 (c)(1) and for new trial pursuant

to Rule 33 of the Federal Rules of Criminal Procedure are
DENIED.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, February 10, 2009.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    United States District Judge

United States of America v. Micha Terragna, CR. NO. 06-00198-06
SOM; ORDER DENYING KEVIN BRUNN'S AND MICHA TERRAGNA'S MOTIONS
FOR JUDGMENT OF ACQUITTAL AND FOR NEW TRIAL.